UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PEDRO ANTONIO JAIMEZ
VARELA,

       Plaintiff,

     v.

Case No. 2:26-cv-1065-KCD-DNF

GARRETT J. RIPA, IN HIS
OFFICIAL CAPACITY AS FIELD
OFFICE DIRECTOR, U.S.
IMMIGRATION AND CUSTOMS
ENFORCEMENT (ICE),
ENFORCEMENT AND REMOVAL
OPERATIONS, MIAMI FIELD
OFFICE (ORLANDO AREA
OFFICE), *et al.*,

       Defendants.

## **ORDER**

Petitioner Pedro Antonio Jaimez Varela is a citizen of Venezuela. He was apprehended while entering the United States at the Texas border in 2023, and an immigration officer denied him admission. (Doc. 16-1.) He was then released on parole and lived freely under supervision in the United States. Earlier this year, he was arrested after a traffic stop and placed in immigration custody. He has filed a habeas corpus petition challenging his continued detention. (Doc. 1.) The Government opposes the petition. (Doc. 11.)

Based on recent Eleventh Circuit precedent, this Court has concluded that aliens who are stopped at the border and released into the country, like Varela, fall under 8 U.S.C. § 1226. *See Garcia v. Warden, S. Fla. Det. Facility*, No. 2:26-cv-1143-KCD-NPM, 2026 WL 1345914 (11th Cir. May 14, 2026). Section "1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395, at *14 (11th Cir. May 6, 2026). Varela falls into the latter category since he is not seeking lawful entry. *See Garcia*, 2026 WL 1345914, at *3. So, the "[f]ederal regulations provide that [he] receive a bond hearing." *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018).

Varela seems to request his immediate release from custody. But that is not something the Court will do. "[Section] 1226(a)(1) grants the executive branch discretion to determine whether to detain or release a noncitizen who is facing removal proceedings." *Hulke v. Schmidt*, 572 F. Supp. 3d 593, 596 (E.D. Wis. 2021). Varela is an alien without lawful status. So he is entitled to a bond hearing under § 1226(a), not immediate release. *See, e.g., Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668 (W.D. Tex. 2025). Consistent with the "comfortable majority position," the Court will instead require the Government to provide Varela with the statutory process required under § 1226(a), which includes a bond hearing. *Id.*

To the extent Varela also seeks relief under the Fifth Amendment, or any other authority, such claims are not addressed "given that the Court [is granting] the relief [he is entitled to] based on its interpretation of the applicability of § 1226(a)." *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *8 (E.D. Mich. Sept. 9, 2025). If the Government does not provide Varela with a bond hearing as ordered or he remains in custody, he can renew any other claims in a subsequent suit.[1]

Accordingly, the Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED IN PART AND DENIED IN PART**. The Court orders the Government to provide Petitioner with the statutory process required under § 1226, which includes a bond hearing. All other relief is **DENIED**. The Clerk is directed to terminate any pending motions and deadlines and close the case.

**ORDERED** in Fort Myers, Florida on May 18, 2026.

Kyle C. Dudek
United States District Judge

---

[1] Varela seems to suggest that his detention is also unlawful because "no criminal charges were filed, no probable cause affidavit exists, and no judicial warrant was issued." (Doc. 1 at 2.) But "habeas is not a vehicle to redress defects in an initial arrest; its function is to determine whether the petitioner may lawfully remain in custody." *Palma v. Powell*, No. 7:26-CV-299-EGL-SGC, 2026 WL 701778, at *6 (N.D. Ala. Mar. 12, 2026).